IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHULER DRILLING COMPANY, INC.                                              PLAINTIFF

V.                                      CASE NO. 11-CV-1049

SOUTHERN MANAGEMENT SERVICES, INC.                          DEFENDANT

V.

SUPERIOR WELL DRILLING, LLC                          THIRD-PARTY DEFENDANT

## ORDER

Before the Court is Shuler Drilling Company's Motion for Attorney's Fees, Prejudgment Interest, Postjudgment Interest, and Costs. ECF No. 46. Defendant has responded. ECF No. 48. The motion is ripe for the Court's consideration.

On August 11, 2011, Shuler Drilling Company, Inc. ("Shuler"), filed suit against Southern Management Services, Inc. In the complaint, Shuler sought judgment on an open account. Shuler claimed that Southern owed Shuler $906,451.17, which represented the total amount of eight unpaid invoices for services rendered by Shuler to Southern. (ECF No. 3). Southern admitted that it owed Shuler for the services performed. Southern, however, refused to pay Shuler because of unresolved issues in a separate business matter in which Southern claimed that Superior Well Drilling, LLC ("Superior"), owed it $1 million.[1]  The Court awarded a judgment in favor of Shuler in the amount

---

[1] Robert Reynolds is the President of Shuler Drilling Company, Inc., and he also owns an interest in Superior Well Drilling, LLC. Southern argued that, because of Reynolds's involvement in both entities, the Court should treat Shuler and Southern as one entity. The Court, however, rejected this argument and found that Shuler and Superior are separate and distinct legal entities. Accordingly, Southern was not entitled to a setoff against the Shuler invoices for any money that Superior owed to Southern. ECF No. 44.

of $906,451.17.[2] At issue before the Court today is Shuler's request for an award of attorney's fees, prejudgment interest, postjudgment interest, and costs related to the judgment entered in its favor.

### A. Attorney's Fee

In a diversity action, where no conflicting federal statute or court rule applies, the Court looks to state law to determine the availability of an attorney's fee award. *Weitz Co. v. MH Washington*, 631 F.3d 510, 534 (8th Cir. 2011). Under Arkansas law, a prevailing party in a suit to recover on open account or breach of contract may recover a reasonable attorney's fee. ARK. CODE ANN. § 16-22-308. In determining the amount of an attorney's fee award, the Court should consider the following factors: the experience and ability of the attorney; the time and labor required to perform the legal service properly; the amount involved in the case and the results obtained; the novelty and difficulty of the issues involved; the fee customarily charged in the locality for similar legal services; whether the fee is fixed or contingent; the time limitations imposed upon the client or by the circumstances, and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer. *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229-30, 800 S.W.2d 717, 718-19 (1990).

Here, there is no dispute that Shuler is the prevailing party and that it may be allowed a reasonable attorney's fee under Arkansas law. Southern simply argues that, "given the unique factual background of [the] disputes in this matter," the Court should exercise its discretion and deny Shuler's request for an attorney's fee. The Court finds that Shuler's claim against Southern for the amount of unpaid invoices was a straightforward claim. In fact, Southern never denied that it owed

---

[2]Southern brought claims against Superior for breach of fiduciary duties. The Court awarded Southern a judgment in the amount of $151,439.29 against Superior.

Shuler for the unpaid invoices. Southern, however, unnecessarily complicated the proceedings by commingling its claims against Superior with the claims of Shuler against Southern. Shuler recovered the amount that it asked for in its Complaint. Accordingly, the Court finds that Shuler is entitled to an award of a reasonable attorney's fee pursuant to ARK. CODE ANN. § 16-22-308.

Shuler moves the Court for an award of $36,769.25. Southern neither disputes the reasonableness of this amount nor offers an alternative amount. After reviewing Shuler's documentation supporting its claim for an award of an attorney's fee and considering the *Chrisco* factors, the Court finds that the amount is reasonable. Thus, the Court awards Shuler an attorney's fee in the amount of $36,769.25.

**B. Prejudgment Interest**

Shuler moves the Court for an award of prejudgment interest. Under Arkansas law, "[p]rejudgment interest is compensation for recoverable damages wrongfully withheld from the time of loss until judgment." *Aceva Technologies, LLC v. Tyson Foods, Inc.*, 2013 Ark. App. 495, at 14, 429 S.W.3d 355, 365 (citing *Spann v. Lovett & Co.*, 2012 Ark. App. 107, 389 S.W.3d 77). "It is allowable where the amount of damages is definitely ascertainable by mathematical computation or if the evidence furnishes data that makes it possible to compute the amount of damages without reliance on opinion or discretion." *Id.*; *Yazdianpour v. Safeblood Technologies, Inc.*, 779 F.3d 530, 539 (8th Cir. 2015) (applying Arkansas law) (citing *Woodline Motor Freight, Inc. v. Troutman Oil Co.*, 327 Ark. 448, 938 S.W.2d 565, 568 (1997)). Prejudgment interest should be allowed "[i]f a method exists for fixing the exact value on the cause of action at the time of the occurrence of the event that gives rise to the action." *Aceva Technologies*, 2013 Ark. App. 495, at 14, 429 S.W.3d at 355. "It is always dependent upon the initial measure of damages being determinable immediately

after the loss and with reasonable certainty." *Id*. (citing *Baptist Memorial Hospital–Forrest City, Inc. v. Neblett*, 2012 Ark. App. 194, 393 S.W.3d 573). "Where the requirements of prejudgment interest can be met, the injured party is always entitled to it as a matter of law." *Ray & Sons Masonry Contractors, Inc. v. U.S. Fidelity & Guar. Co.*, 353 Ark. 201, 224, 114 S.W.3d 189, 203 (2003) (citing *TB of Blytheville v. Little Rock Sign Emblem*, 328 Ark. 688, 946 S.W.2d 930 (1997)).

Here, in its Complaint, Shuler claimed that Southern owed it $906,421.17, the total amount of eight unpaid invoices, for services performed by Shuler. The Court awarded Shuler a judgment for this exact amount. The total amount that Southern owed Shuler for these services was ascertainable by mathematical computation as of the date of the last unpaid invoice, which was June 24, 2009. The Court did not have to use its discretion to determine the amount of Shuler's damages. The initial measure of damages in the case of Shuler against Southern was determinable with reasonable certainty on June 24, 2009, two years before Shuler filed its lawsuit. Accordingly, the Court finds that Shuler is entitled to prejudgment interest for the time period from June 24, 2009, to November 25, 2014 at a rate of 6% per annum.[3]

### C. Postjudgment Interest

Shuler argues that it is entitled to postjudgment interest. Southern does not dispute this argument. Accordingly, pursuant to 28 U.S.C. § 1961, the Court orders Southern to pay Shuler postjudgment interest at the applicable federal rate on the amount of $906,451.17 from November 25, 2014, continuing through the date of payment. *See Travelers Property Cas. v. Ins. Co. of Am.*

---

[3] The 6% per annum rate is consistent with Arkansas law, *see Mo. & N. Ark. R.R. Co. v. Entergy, Inc.*, 2013 WL 5442099, at *2-3 (E.D. Ark. Sept. 27, 2013), and Southern has raised no objection to this rate.

*v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 735 F.3d 993, 1008-09 (8th Cir. 2013) (stating that postjudgment interest is mandatory and is awarded by statute as a matter of law).

**D. Costs**

Shuler moves the Court to award it the following costs: (1) filing fee paid to the Circuit Court of Union County, Arkansas ($165.00); (2) costs for service of process via publication of warning order ($222.40); (3) fees for reporting services for three depositions ($856.50); and (4) copying fees for trial materials (249.00). Southern does not dispute any of the requested costs. Accordingly, pursuant to 28 U.S.C. § 1920, the Court orders Southern to pay Shuler's taxable costs in the amount of $1,492.90.

For the reasons discussed above, Shuler's Motion for Attorney's Fees, Prejudgment Interest, Postjudgment interest, and Costs (ECF No. 46) is **GRANTED**.

**IT IS SO ORDERED**, this 10th day of July, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge