IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHULER DRILLING COMPANY, INC.                                   PLAINTIFF

v.                                Case No. 1:11-cv-1049

SOUTHERN MANAGEMENT
SERVICES, INC.                                                      DEFENDANT

v.

SUPERIOR WELL DRILLING, LLC                    THIRD-PARTY DEFENDANT

**ORDER**

On September 29, 2014, the Court held a bench trial in this matter. On November 11, 2014, the Court rendered its findings of fact and conclusions of law, entering judgment in favor of Plaintiff Schuler Drilling Company, Inc. (ECF Nos. 44-45). On April 11, 2016, the Court granted Plaintiff's motion to compel post-judgment discovery requests. (ECF No. 52).

On August 29, 2017, Plaintiff filed a Motion for Relief from Voidable Transactions. (ECF No. 74). In the motion, Plaintiff argues *inter alia* that, based on the presence of multiple so-called "badges of fraud" listed in the Arkansas Uniform Voidable Transactions Act, Ark. Code Ann. § 4-59-201 *et seq.*, the Court should void Defendant Southern Management Services, Inc.'s June 26, 2017 assignment of its right, title, and interest in certain oil and gas properties to David Disiere, who was Defendant's president and secretary.

On September 8, 2017, the Court entered an order noting that David F. Butler, Defendant's counsel of record, had recently passed away. The Court directed an attorney from Mr. Butler's law firm to enter an appearance on Defendant's behalf to address several pending motions,

including Plaintiff's Motion for Relief from Voidable Transactions. On September 14, 2017, Steve R. Crane entered an appearance on Defendant's behalf.

On September 21, 2017, Defendant filed a response to Plaintiff's Motion for Relief from Voidable Transactions. Defendant's response stated, *inter alia*, that Defendant was willing to pay Plaintiff the consideration that David Disiere paid for the mineral rights or, alternatively, reverse the transaction and assign the mineral rights to Plaintiff. The response stated further that Defendant was not prepared at that time to "present any further response or defense to the actions instituted by the Plaintiff to collect upon the judgment" because Defendant's new counsel had not met or spoken with the client, other than one phone call. (ECF No. 80).

On October 27, 2017, Defendant moved the Court to allow William A. Johnson to appear *pro hac vici* on Defendant's behalf. On October 30, 2017, the Court granted Defendant's motion. On November 2, 2017, Mr. Johnson entered his appearance on Defendant's behalf.

The Court's understanding is that the parties have not resolved the issues underlying Plaintiff's Motion for Relief from Voidable Transactions. The Court finds that ample time has passed to allow defense counsel to confer with Defendant and familiarize themselves with the information needed to substantively respond to Plaintiff's motion. Accordingly, the Court hereby **ORDERS** Defendant to file a supplemental response to Plaintiff's Motion for Relief from Voidable Transactions that addresses the substance of the motion. Defendant shall file the supplemental response **on or before February 5, 2018**.

**IT IS SO ORDERED**, this 19th day of January, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge